No. 81–6240.  KITCHENS *v.* UNITED STATES.  C. A. 9th Cir.  Certiorari denied.

No. 81–6251.  MELNICK *v.* CITY OF PUEBLO.  Dist. Ct. Colo., Pueblo County.  Certiorari denied.

No. 81–6257.  GALVAN *v.* UNITED STATES.  C. A. 10th Cir.  Certiorari denied.

No. 81–6259.  HAWK *v.* SCHWEIKER, SECRETARY OF HEALTH AND HUMAN SERVICES.  C. A. 9th Cir.  Certiorari denied.

No. 81–6273.  HOWARD *v.* UNITED STATES.  C. A. 5th Cir.  Certiorari denied.

No. 81–855.  ANDERSON, WARDEN *v.* FULLER.  C. A. 6th Cir.  Motion of respondent for leave to proceed *in forma pauperis* granted.  Certiorari denied.

Opinion of JUSTICE STEVENS respecting the denial of the petition for writ of certiorari.

Although I believe that *Jackson* v. *Virginia*, 443 U. S. 307, was decided incorrectly, it is not at all clear to me that the Court of Appeals in this case misapplied the dicta in the Court's opinion in *Jackson*.  The Court of Appeals did not purport to resolve any conflict in the evidence.  Quite properly it attached no weight to the fact that the defendant did not testify, or to the fact that his mother may have testified falsely in support of an alibi defense.  Neither of those facts is affirmative evidence of guilt.

Based on their duty to "review the evidence in the light most favorable to the prosecution," 662 F. 2d 420, 423 (CA6 1981), a majority of the judges of the Court of Appeals concluded—as had the District Court and two of five justices of the Michigan Supreme Court—that there was insufficient evidence in the record that the respondent had intended to commit a crime.  It is quite misleading to describe the slim record in this case as "a classic case of conflicting evidence,"